Good morning, and may it please the Court. My name is Jeffrey Ellis. I'm here on behalf of the petitioner in this case, Appellant Gerald Davenport. At the risk of asking myself a question, I'm going to ask a question that I think would probably come up in the first minute in any event, which is, why isn't this just a matter of state court law? And I submit that this is a matter of erroneous or unreasonable state court findings of fact, both substantively speaking, in other words, the state court got the facts wrong, but also to some extent procedurally speaking, in the sense that the state court procedure itself was unreasonable, which was essentially to deny Mr. Davenport the right to any evidentiary hearing and then sort of assume away the facts that he pled and replace them with its own assumed facts. And I would start with the last reason state court decision, and if you read it in order, it starts by discussing the sentencing hearing that happened where at a contested hearing, the state court found that Mr. Davenport was a three-striker, a persistent offender, based on the evidence presented at that hearing. And in contrast, if Mr. Davenport had accepted the guilty plea offer, the sentencing hearing would have looked much differently. Well, I think the basis of your argument, and I don't blame you, is that the prosecutor was wrong and the defense attorney violated the Strickland standard of ineffective assistance of counsel by pointing out to the court and pointing out to the prosecutor that he was wrong, that he thought he didn't have a three-striker, but he really did have a three-striker. Well, again, I think that's absolutely right if you're looking backwards. Now, the state court found that the defense attorney, in discharging his duty of candor, did not render ineffective assistance of counsel. This is a habeas case. This is an AEDPA case. Is there a Supreme Court case which tells us that a defense attorney coming clean is violating a federal constitutional right? Well, it's well established that it is a defendant's decision to plead guilty. Could you answer my question? I don't think that there is. Of course there isn't. Okay. Next. All right. So, but it is a question of ineffective assistance of counsel. How can it be ineffective assistance of counsel if the state court found that counsel was bound by his professional oath to tell the judge and the prosecutor, you're making a mistake, this is a three-striker, you think it's a two-striker. Right. But let's flash forward. What happened then as to the court. How about answering that question before we flash forward? Well, I'm flashing forward to explain to the court that what eventually happened was that there was a contested hearing where counsel for Mr. Davenport argued to the sentencing court that Mr. Davenport wasn't a three-striker. And there was no argument at that point that Mr. Davenport's counsel now was being unethical or violating his candor towards the tribunal by making that position. Let's put it in a different context. Let's assume that the state's offer to Mr. Davenport is to plead guilty to second-degree murder because they are unsure whether premeditation, which is required under Washington law for first-degree murder. And let's assume that Mr. Davenport reads the police reports and finds that in the police reports there's really good evidence of premeditation. The defense counsel doesn't have a duty at that point to act as a law clerk for the prosecutor and go, hey, Mr. Prosecutor, you know what? You have really good evidence of premeditation. Do you really want to give this offer? How can that be the same? I mean, we're talking about a prior conviction, correct? Right. The defense attorney found out about it. He's being offered this plea agreement. Can I add one fact? The state knew about the conviction. Yeah, but it didn't know that it was a three-strike conviction? Well, it didn't. Or a strike conviction? That's right. It didn't classify it as a strike conviction. But let's talk about how Washington classifies strike convictions because I think this goes to the facts of the case, which is if it's a Washington conviction, all you've got to do is look on the list, right? If it's a conviction, prior conviction from Washington, you look on the list, you say, ah, he was convicted of second-degree robbery in Washington State. That's a strike. That would be a mistake and it would be improper for counsel. But I guess my question is, we can sort of go on and on and what have you, but the state court is already determined. So you're asking us to really sit in judgment of their determination, and we can't do that. I'm asking this court to look at the facts as they would have played out if counsel had not gone to the prosecutor but instead offered the opportunity to his client. But isn't it possible that somebody would have found out, the probation officer, that the prior was a strike? And wouldn't the judge have had an opportunity to reject that plea? Wouldn't there have been other things that could have possibly played out at that point? And the answer to that is no because, again, it depends on how the process is going forward. If both attorneys had, the prosecutor and the defense attorney, had appeared for sentencing based on this agreement, Mr. Davenport enters the guilty plea, the state's position, either voiced to the court or implicitly, is he has an Oregon conviction for robbery but we're not treating it as a strike. In order to prove that it's a strike where the defendant, there are two things that need to happen. Either the defendant needs to explicitly agree that it's a strike, and under Washington law he can agree that it's a strike and be wrong about it. In other words, defense counsel under Washington law doesn't have a duty, if he agrees that it's a strike, to challenge that it's a strike and the court can't do anything about it. The court accepts that as truth even if it's wrong, even if it's legally or factually incorrect. And that's the important thing here. Wouldn't that be a pretty good basis for ineffective assistance of counsel? Sure, if that were the challenge that were made. I mean, I will grant that the state's position essentially is that when we first agreed that this did not count as a strike, we now believe that's a mistake. Not only does the state believe it's a mistake, but the defense counsel believes it was a mistake and so told the state. And then changed their mind and then made the argument that it wasn't a mistake, that he in fact wasn't a three-striker and then lost that argument. And nobody criticized defense counsel for making that argument in favor of Mr. Davenport when ultimately he got, unfortunately, to a sentencing hearing where he got life without parole instead of a sentence that he would have been released on today. And I think that's the important thing. Defense counsel is not being prosecuted here for making an unmeritorious argument to the court the second time around. That's correct. But I think the difference is that in going forward, in other words, if Mr. Davenport had been offered the opportunity to accept this plea instead of counsel reporting to the prosecutor, at the sentencing hearing what would have been presented to the court is simply a statement that says, Mr. Davenport was convicted of robbery in Oregon and the parties are treating it as not a most serious offense, as not a strike. You're not claiming that defense counsel made a mistake in treating the Oregon conviction as a strike. What you're saying is he shouldn't have informed the prosecutor and the judge of his view that it was a strike. Well, I was Mr. Davenport's counsel in state court. I did make that argument that he was erroneous. The state court rejected it. But that clearly is a matter of state law, the ultimate classification. But, again, I think what's important here is not the ultimate classification of whether it's a strike or not. It's the procedure that happens when the parties agree to treat it. But at the time, say it did go forward, as you indicate, but at the time that the judge is considering the plea, are you saying then the defense counsel's obligation of candor towards the tribunal is trumped by the obligation to represent the client? Because at that point, representing that it's not a strike, doesn't that violate counsel's obligation to the tribunal? No, it doesn't. It would violate counsel's obligation to say there's no conviction in Oregon, if counsel knew there was conviction in Oregon. But the classification of a prior conviction from another jurisdiction as a most serious offense involves both a determination of facts and law. And where the state says we are affirmatively going to treat the conviction this way, then there's no problem with counsel saying if that's how you want to treat it, yes, we'll accept it. Because it's obviously very much to Mr. Davenport's advantage at that point to accept the plea. I've got about a half a minute left. I'll reserve that for rebuttal. Thank you. May it please the Court, John Sampson, Assistant Attorney General for the Respondent. As this Court is aware, this is a case under AEDPA, so the question is whether the state court decision was unreasonable. And we submit that it was not. The state court reasonably determined applying the Strickland statute. What do you mean unreasonable? Are you talking about 2254-D1 or 2254-D2? I would submit that under both it was not unreasonable. It was not unreasonable. Under D1, it's got to be contrary or inadequate under Supreme Court decisions. Correct. Is that your position? It was not an unreasonable application of then existing Supreme Court precedent. Correct. And it was also not an unreasonable determination of the facts, which is really a new argument that is now being presented for the first time. There was no argument in the opening or reply brief that this was based on an unreasonable determination of the facts under D2. But even if the Court considers that argument, it was not unreasonable because the state court's decision was based on a fair assessment of the facts before it. There's a lot of argument about whether or not counsel should have pointed out the prosecutor's error to the prosecutor. Let's talk about that for a second. The defense attorney, according to Mr. Ellis, later came to the view that the Oregon conviction was not a, quote, strike. Now, was it a violation of his duty of candor simply if he thought he had some doubts about it to keep quiet and say if the prosecution thinks it's not a strike, I stand mute? Is that a violation under Washington law of duty of candor? Your Honor, at the point of the sentencing hearing, at that time the prosecutor was aware that it was a strike, and the prosecutor let the court know that. At that point, the defense attorney doesn't have the duty to point out the mistake because the court is aware of the correct facts. What the defense attorney was doing was making a legal argument that this was not a comparable offense, which was an incorrect argument because it was legally comparable, but that was a legal argument the attorney was trying to make. Clarify for me, what did the prosecution know about the Oregon prior? From what we know from the record, the prosecution was aware that there was a prior conviction for robbery second degree in Oregon. The prosecutor made an offer that we will reduce your Washington charge from first degree robbery to second degree robbery, and this will be your standard range sentence. The prosecutor was not recognizing at the time that the prior conviction was a strike legally and that this triggers a third strike offense if convicted, or a third strike sentence. Defense counsel gave the offer to the defendant, but before it could be accepted, he and another attorney recognized, wait a minute, this Oregon conviction is a strike. If he pleads guilty, he won't get a standard range sentence. He will get a life sentence without parole. That's what I'm wondering. I just want clarification on, so was the plea agreement framed that if it did turn out to be a strike later, he wouldn't be able to get the strike, or was there some provision, or was it just a matter of law in Washington that that would happen, that he would get treated as a strike? Your Honor, the actual plea offer itself, the written plea offer or the verbal plea offer, is not in the record. From what I can see of it, and I believe what the state court viewed it as, is the prosecutor said, here are your two prior convictions. You have a Washington and an Oregon conviction. If you plead guilty to this, this will be your standard range sentence. And the prosecutor just was not recognizing that this was a third strike. The prosecutor did not say, and there's nothing in the record to show that the prosecutor said, I promise that I will get up and say this is not a strike. So would it have been possible if the defense counsel had sat quiet and not said anything, and he pled, is it possible that the strike, the imposition of sentence based on the Oregon violation being a strike, would not have been able to proceed? Your Honor, if the defendant had pled guilty under the original plea offer, either the prosecutor may have determined, wait a minute, this is actually a strike, prior to sentencing, he told the court, and then the court could have imposed a sentence of life without parole. The court may have determined that fact, or even if he was sentenced to a standard range sentence, the Department of Corrections reviews all the judgments that come before it. And in Washington law, there's a provision, when the Department of Correction recognizes there's been a mistake in sentencing, they file what's called a post-sentence petition, and that's under Chapter 1095 of the Revised Code of Washington. The court of appeals has to look at the sentence, and the department has the right to point out this is the correct sentence he should have received, and that's what the state's... So if the defense counsel had sat quiet, then there may have been a charge for ineffective assistance of counsel later, but for a different reason, and that's because he didn't speak up when he should have. Is that right? That's correct, Your Honor. He would have been advising his client to plead guilty to an offense that would trigger a three-strike sentence, not recognizing this was a three-strike offense. And then when he gets sentenced to life without parole, the claim would have been counsel was ineffective for having me plead guilty, subjecting me to a three-strike offense. And so we have to determine what the state court decided here, whether it was unreasonable in light of the circumstances. Yes, Your Honor. And you're arguing it wasn't? I'm arguing it was not unreasonable, and there's two reasons. The first is that they reasonably determined counsel's representation was not deficient. Counsel acted correctly by researching the law, acted correctly by researching the facts, and by advising his client, this would be your third strike if you plead guilty and take this deal. Counsel also acted reasonably and exercised his duty of candor when he let the prosecutor know we cannot proceed with this plea because it would subject my client to a third strike. Even if counsel could have remained quiet, the Constitution does not require that he did so. The Constitution does not require that a defense attorney not investigate the law and not act ethically. The second issue that he fails on is that the state court reasonably determined there was no prejudice because he would not be entitled to specific performance. Even under the old Miller case, which had specific performance, that comes into play only if there's a mutual mistake. And here there was not a mutual mistake because one side knew and the prosecutor didn't. Moreover, Miller has since been reversed and overturned by State v. Barber, and under the U.S. Supreme Court Law Card v. Fretwell, which is cited by both parties, the fact that Miller was overruled means that a petitioner cannot rely on Miller and its specific performance prong to be able to obtain relief. Counsel acted as a competent attorney and represented his client and provided Sixth Amendment right to counsel. Counsel, maybe I don't grasp the procedure and help me through it. If defense counsel had stayed quiet and not analyzed as he did correctly, that the Oregon conviction was qualified as a strike under Washington law, the Department of Corrections might have caught it, the prosecutor might have caught it, the judge might have caught it, but they might not have caught it. So there was a chance there that his man get a lower sentence, right? There is a chance, Your Honor. All right. Why isn't giving up that chance of a lower sentence ineffective assistance of counsel? Because as the Supreme Court recognized in the Law Card v. Fretwell case, that is essentially the luck of the lawless sentence. Just because there might be a chance doesn't mean that counsel's representation was constitutionally ineffective. So what you're saying is that the Washington State Court found that as a matter of state law, defense counsel was obligated to be under the duty of candor. And that imposition of duty of candor, which eliminates the slight chance that the lesser sentence might slip by all the hurdles, is not a violation of due process or equal protection or any other or Sixth Amendment under a Supreme Court case clearly established. Yes, Your Honor. Okay. Because looking at this claim, we have to look at it not from before counsel has acted, but looking at it as counsel has acted. And did what counsel did, the way counsel actually performed, was that below the standard required under the Constitution? And it was not. Unless the Court has further questions, we'd ask the Court affirm the district court. Okay. Thank you. Thank you. I think the Court is right to focus on the question of what would have happened at the sentencing hearing if Mr. Davenport had been allowed to accept the argument. And I would say first that, again, there has been no fact-finding hearing about how that would have gone forward. I will say I fundamentally disagree with my learned opponent about how the hearing would have gone forward because essentially the State is taking the position that this is not a strike and we don't intend to try to prove that it's a strike. And proof of whether the Oregon robbery is a strike depends on both the legal analysis, the elements of the crime, but also the facts of Mr. Davenport's conviction, which the State essentially was saying that they didn't intend to try to prove. And so this idea that there would be some appeal by the Department of Corrections is really illusory. But if there's any question, I think the remedy would be to remand this for an evidentiary hearing so that we can make those determinations based on a reasonable finding of fact instead of supposition. I guess we're presenting with – you're asking us to consider two questions, if I understand your argument, that if it had been allowed to go through, that wouldn't have been unreasonable. Is that what you're saying? I'm saying if it had been allowed to go through, Mr. Davenport would not have been at risk of getting a life sentence. He would have been guaranteed the standard range sentence that had been promised. Let me ask the question that you brought up in your rebuttal. You asked for a remand for an evidentiary hearing. What is the question of fact that you wish to prove? The question of fact is what would have happened if the sentence had been – or if the guilty plea had been accepted. But I think the previous question is also – Why is that in doubt? Because there's – Because of the argument of Mr. Sampson that a post-conviction Department of Corrections would have caught it. Right, right, exactly. Or that at the sentencing hearing that somehow the state would have taken the position that it's not a strike, but let me try to prove that it is a strike. And that's just really an inconsistent position. And I just would remind the Court that we didn't get an evidentiary hearing in state court, despite our request for it and despite the fact that the rules say we should when the facts are at dispute. Thank you very much. Thank you. All right. The case of Davenport v. Glebe is submitted.
judges: Kobayashi, Bea, Murguia